1  Nicholas J. Bontrager, Esq. (SBN 252114)
Krohn & Moss, Ltd.
2  10474 Santa Monica Blvd., Suite 401
Los Angeles, CA 90025
3  T: (323) 988-2400; F: (866) 802-0021
nbontrager@consumerlawcenter.com
4  Attorneys for Plaintiff,
MARTHA TOLEDO

FILED *Paid*

2009 JUL 20 P 3:28

RICHARD W. WIEKING
CLERK
U.S. DISTRICT COURT
NO. DIST. OF CA. S.J

E-filing

HRL

## UNITED STATES DISTRICT COURT,
## NORTHERN DISTRICT OF CALIFORNIA,
## SAN FRANCISCO DIVISION

MARTHA TOLEDO,

    Plaintiff,

    v.

FINANCIAL RECOVERY SERVICES,

INC.,

    Defendant.

Case No.: **C09 03318**

**COMPLAINT AND DEMAND FOR JURY TRIAL**

**(Unlawful Debt Collection Practices)**

### VERIFIED COMPLAINT

    MARTHA TOLEDO (Plaintiff), by her attorneys, KROHN & MOSS, LTD., alleges the following against FINANCIAL RECOVERY SERVICES, INC. (Defendant):

### INTRODUCTION

1. Count I of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, *15 U.S.C. 1692 et seq.* (FDCPA).

2. Count II of the Plaintiff's Complaint is based on Rosenthal Fair Debt Collection Practices Act, *Cal. Civ. Code §1788 et seq.* (RFDCPA).

3. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, insurers, and attorneys.

-1-

PLAINTIFF'S COMPLAINT

1

2

**JURISDICTION AND VENUE**

3    4. Jurisdiction of this court arises pursuant to *15 U.S.C. 1692k(d)*, which states that such

4    actions may be brought and heard before "any appropriate United States district court

5    without regard to the amount in controversy," and *28 U.S.C. 1367* grants this court

6    supplemental jurisdiction over the state claims contained therein.

7    5. Defendant conducts business in the state of California, and therefore, personal

8    jurisdiction is established.

9    6. Venue is proper pursuant to *28 U.S.C. 1391(b)(2)*.

10   7. Declaratory relief is available pursuant to *28 U.S.C. 2201 and 2202*.

11   **PARTIES**

12   8. Plaintiff is a natural person residing in San Jose, Santa Clara County, California.

13   9. Plaintiff is a consumer as that term is defined by *15 U.S.C. 1692a(3)*, and according to

14   Defendant, Plaintiff allegedly owes a debt as that term is defined by *15 U.S.C. 1692a(5)*

15   and *Cal. Civ. Code § 1788.2(h)*.

16   10. Defendant is a debt collector as that term is defined by *15 U.S.C. 1692a(6)* and *Cal. Civ.*

17   *Code §1788.2(c)*, and sought to collect a consumer debt from Plaintiff.

18   11. Defendant is a national company with its headquarters in Edina, Minnesota.

19   **FACTUAL ALLEGATIONS**

20   12. Defendant is contacting and communicating with Plaintiff in an attempt to collect upon

21   an alleged debt incurred with Wells Fargo.

22   13. Defendant constantly and continuously places collection calls to Plaintiff at her place of

23   employment, 408-232-1924.

24   14. Plaintiff informed Defendant's agent, "Timothy Schuster", that Plaintiff could not

25   received personal calls at her place of employment.

- 2 -

15. Defendant's agent, "Timothy Schuster", continued to place collection calls to Plaintiff despite knowing that Plaintiff could not receive such calls.

16. Defendant's agent, "Timothy Schuster", informed Plaintiff that he didn't care if Plaintiff lost her job due to Defendant's calls.

17. Defendant 's agent, "Timothy Schuster", called Plaintiff's employer and left a message on his voicemail informing her that Plaintiff was not answering her phone and that Defendant needed to speak with Plaintiff immediately.  (See Exhibit A).

18. Defendant had spoken with Plaintiff on multiple occasions and had both direct employment and personal contact information for Plaintiff before placing the call directly to Plaintiff's person

**COUNT I**
**DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT**

19. Defendant violated the FDCPA based on the following:

   a. Defendant violated *§1692c(a)(1)* of the FDCPA by communicating with Plaintiff at her place of employment despite having knowledge that Plaintiff could not take personal calls at work and thus such time would be inconvenient to her.

   b. Defendant violated *§1692c(a)(3)* of the FDCPA by communicating with Plaintiff at her place of employment despite having knowledge that Plaintiff could not take personal calls at work.

   c. Defendant violated *§1692c(b)* of the FDCPA by communicating, in connection with the collection of Plaintiff's alleged debt, with a third party, Plaintiff's Supervisor, despite already possessing proper location information of the Plaintiff.

   d. Defendant violated *§1692d* of the FDCPA by engaging in conduct of which the natural consequence is the abuse and harassment of the Plaintiff.

   e. Defendant violated *§1692d(5)* of the FDCPA by causing a telephone to ring

- 3 -

repeatedly and continuously with the intent to annoy, abuse, and harass Plaintiff.

    f.   Defendant violated *§1692e(10)* of the FDCPA by deceptively calling Plaintiff's supervisor despite having proper contact information for the Plaintiff prior to making such call.

20. As a direct and proximate result of one or more or all of the statutory violations above Plaintiff has suffered emotional distress (see Exhibit B).

    WHEREFORE, Plaintiff, MARTHA TOLEDO, respectfully requests judgment be entered against Defendant, FINANCIAL RECOVERY SERVICES, INC., for the following:

21. Declaratory judgment that Defendant's conduct violated the Fair Debt Collection Practices Act,

22. Statutory damages pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. 1692k,*

23. Actual damages,

24. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. 1692k*

25. Any other relief that this Honorable Court deems appropriate.

## COUNT II
## DEFENDANT VIOLATED THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

26. Plaintiff repeats and realleges all of the allegations in Count I of Plaintiff's Complaint as the allegations in Count II of Plaintiff's Complaint.

27. Defendant violated the RFDCPA based on the following:

    a.   Defendant violated *§1788.11(d)* of the RFDCPA by causing Plaintiff's telephone to ring repeatedly and continuously so as to annoy Plaintiff.

    b.   Defendant violated *§1788.11(e)* of the RFDCPA by placing collection calls to Plaintiff with such frequency that was unreasonable and constituted harassment.

    c.   Defendant violated the *§1788.17* of the RFDCPA by continuously failing to

- 4 -

comply with the statutory regulations contained within the FDCPA, *15 U.S.C. § 1692 et seq.*

28. As a direct and proximate result of one or more or all of the statutory violations above Plaintiff has suffered emotional distress (see Exhibit B).

WHEREFORE, Plaintiff, MARTHA TOLEDO, respectfully requests judgment be entered against Defendant, FINANCIAL RECOVERY SERVICES, INC., for the following:

29. Declaratory judgment that Defendant's conduct violated the Rosenthal Fair Debt Collection Practices Act,

30. Statutory damages pursuant to the Rosenthal Fair Debt Collection Practices Act, *Cal. Civ. Code §1788.30(b)*,

31. Actual damages,

32. Costs and reasonable attorneys' fees pursuant to the Rosenthal Fair Debt Collection Practices Act, *Cal. Civ Code § 1788.30(c)*, and

33. Any other relief that this Honorable Court deems appropriate.

## **DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, MARTHA TOLEDO, demands a jury trial in this cause of action.

RESPECTFULLY SUBMITTED,

DATED: July 16, 2009           KROHN & MOSS, LTD.

By: _____

Nicholas J. Bontrager
Attorney for Plaintiff

- 5 -

PLAINTIFF'S COMPLAINT

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF CALIFORNIA

      Plaintiff, MARTHA TOLEDO, states as follows:

1.     I am the Plaintiff in this civil proceeding.
2.     I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3.     I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification or reversal of existing law.
4.     I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5.     I have filed this Complaint in good faith and solely for the purposes set forth in it.
6.     Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7.     Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

      Pursuant to 28 U.S.C. § 1746(2), I, MARTHA TOLEDO, hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

DATE: 7/13/09                   *Martha Toledo*
                                 MARTHA TOLEDO

PLAINTIFF'S COMPLAINT

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

## **EXHIBIT A**

PLAINTIFF'S COMPLAINT

## Bontrager, Nick

| | |
|---|---|
| **From:** | Martha Rodriguez [Martha.Rodriguez@FutureElectronics.com] |
| **Sent:** | Tuesday, July 14, 2009 7:22 AM |
| **To:** | Bontrager, Nick |
| **Subject:** | FW: call for me |

Nick,

This is the best he can recall....

**From:** Todd Fiske
**Sent:** Tuesday, July 14, 2009 7:20 AM
**To:** Martha Rodriguez
**Subject:** FW: call for me

Martha,

I received a call on my office voicemail from a credit or collection agency asking for you. From what I recall, it said "I'm looking for Martha Rodriguez, I don't think her phone works because she doesn't answer it or return calls".  I don't remember his name, I think he said Tim and then he left his phone number.  I forwarded the vm to you and then deleted it off my phone.

Regards,

Todd Fiske

7/16/2009

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

## **<u>EXHIBIT B</u>**

PLAINTIFF'S COMPLAINT

I have suffered from the following due to, or made worse by, the actions of the Defendant's debt collection activities:

1. Sleeplessness — (YES) NO
2. Fear of answering the telephone — (YES) NO
3. Nervousness — (YES) NO
4. Fear of answering the door — YES (NO)
5. Embarrassment when speaking with family or friends — (YES) NO
6. Depressions (sad, anxious, or "empty" moods) — (YES) NO
7. Chest pains — YES (NO)
8. Feelings of hopelessness, pessimism — (YES) NO
9. Feelings of guilt, worthlessness, helplessness — (YES) NO
10. Appetite and/or weight loss or overeating and weight gain — (YES) NO
11. Thoughts of death, suicide or suicide attempts — YES (NO)
12. Restlessness or irritability — (YES) NO
13. Headache, nausea, chronic pain or fatigue — (YES) NO
14. Negative impact on my job — (YES) NO
15. Negative impact on my relationships — (YES) NO

Other physical or emotional symptoms you believe are associated with abusive debt collection activities: _____

_____
_____
_____
_____
_____

Pursuant to 28 U.S.C. § 1746(2), I hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

Dated: 7/13/09

_Martha Toledo_
Signed Name

Martha Toledo
Printed Name